USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   12/10/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

INMOBILIARIA TOVA, S.A., AND MINI
DEPOSITOS DENPAR                                    Case No. 24-mc-00522


Pursuant to 28 U.S.C. § 1782
For Judicial Assistance in Obtaining
Evidence For Use in Foreign and International
Proceedings.

## ~~[PROPOSED]~~ ORDER GRANTING APPLICATION FOR
## JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

THIS CAUSE came before the Court upon the Application of Inmobiliaria Tova, S.A. and

Mini Depositos Denpar as parties in a pending civil action in Venezuela, which has been brought

to litigate non-contractual tort, lost profits, and moral damages claims against Revlon Overseas

Corporation, C.A., for Judicial Assistance Pursuant to 28 U.S.C. § 1782. The Court, having

considered the Section 1782 Application, the Declaration of Mario Brando and accompanying

Exhibits, the Declaration of Thomas Vandenabeele and accompanying exhibits and otherwise

being fully advised in the premises, finds as follows:

A.        Applicants have met the requirements under 28 U.S.C. § 1782 for granting the

requested judicial assistance and relief.

B.        For purposes of the instant Application, the following corporate entities reside or

are found in the Southern District of New York: (i) Revlon, Inc. n/k/a Revlon Group Holdings

LLC; (ii) Revlon Consumer Products Corporation; (iii) American International Group, Inc. d/b/a

AIG; and (iv) Zurich American Insurance Company (collectively the "Discovery Subjects").

C.        The discovery sought through this Application is for use in proceeding pending

before a foreign tribunal.

1

D.      Applicants are interested persons within the meaning of the statute, in their capacity as plaintiffs in the foreign proceedings.

E.      The discretionary factors, as described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* (542 U.S. 241, 247 (2004)), weigh in favor of granting the requested assistance.

F.      More particularly: (1) the Discovery Subjects are not expected to become parties to the Foreign Proceeding, thus, the need for this discovery is more apparent; (2) there is no indication that the foreign tribunal would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions; (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the type normally produced by financial institutions or corporate entities as third parties or parties in litigation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.      The Application is **GRANTED**.

2.      Any Discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure.

3.      Applicants' request for leave to conduct discovery, including, but not limited to, leave to serve subpoenas in substantially similar form as the form attached to the Application and to take testimony, is **GRANTED**.

4.      Applicants' request to be appointed with the power to administer any necessary oath and take testimony or a statement is **GRANTED**.

5.      The Discovery Subjects are ordered to preserve all relevant and potentially relevant evidence in their possession, custody, or control until Applicants communicate to them that the preservation is no longer necessary or until further order of this Court.

6.      Applicants are further authorized to issue and serve additional follow-up subpoenas on the Discovery Subjects or third parties as may be necessary to obtain the documentary evidence for use in the Foreign Proceeding.

7.      Applicants are not required to serve the Application upon the Discovery Subjects.

8.      Applicants are not required to serve this Order or subpoenas to the Discovery Subjects.

9.      Nothing in this Order should be construed to prevent or otherwise foreclose Applicants from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

IT IS HEREBY ORDERED.

Date: December 10, 2024.
New York, NY

_____
UNITED STATES DISTRICT COURT JUDGE